

# THE ATTORNEY GENERAL
## OF TEXAS

PRICE DANIEL
ATTORNEY GENERAL

AUSTIN, TEXAS

March 29, 1950

Hon. L. D. Ransom
Administrator
Texas Real Estate Commission
Austin, Texas

Opinion No. V-1020.

Re: The legality of is-
suing a real estate
dealer's license to
an out-of-state res-
ident who is licensed
in a state which re-
quires applicants to
take an examination.

Dear Mr. Ransom:

Your request for an opinion reads as follows:

"We desire the opinion of your office
as to whether the Texas Real Estate Commis-
sion can issue a license to an out-of-state
resident under Article 6573a, as amended by
Senate Bill No. 28, Section 7(b), when said
resident's state requires an examination in
order to qualify as a broker in that state.

"A typical case is this: This office
recently received an application for renewal
of a real estate dealer's license, together
with the proper fee of $10.00, from one Leon
Block of 110 S. Dearborn Street, Chicago 3,
Illinois. Said applicant has previously held
a Texas real estate dealer's license under
the interpretation given to Article 6573a,
Section 7(b), by prior administrators.

"This Commission is of the opinion that
said Leon Block is not entitled to a Texas
license and has refused to issue same. This
Commission is of the further opinion that the
Real Estate License Law of the State of Illi-
nois requires an examination of its licensees
and that, therefore, the legal requirements
of said state have not for their purpose the
same standards proposed by Article 6573a, as
amended. Due to the great number of licenses

issued to residents of Illinois by prior
administrators and the persistent corres-
pondence from said Leon Block, demanding
that he be issued a license, we would like
a clear interpretation of Section 7(b).

"It is our opinion that this is not
the same question as that involved in Sec-
tion 7(c) of Article 6573a, as amended, au-
thorizing the Texas Real Estate Commission
to issue non-resident licenses to out-of-
state applicants whose state allows reci-
procity to this State.

"It is to be noted that Leon Block
is ready and willing to file with the Com-
mission a Consent to Service, as required
by Section 7(d).

"Question: May this office issue to
said Leon Block a real estate dealer's li-
cense for the year 1950?"

We shall confine this opinion to the single
question of law indicated in the third paragraph of your
letter which involves Section 7(b) of Article 6573a, Ver-
non's Civil Statutes, which provides:

"A non-resident of this State may be
licensed as a real estate dealer or sales-
man provided such non-resident is at the
time licensed under the laws of the State
where he resides and which said State has
legal requirements which have for their pur-
pose the standards proposed in this Act;
provided, however, that such non-resident
must procure from the agency administering
such law in such State, a certificate recog-
nizing and approving the reliability and
standing of such non-resident in such other
State, and file same with the Commission."
(Emphasis supplied)

We do not construe the underlined provision as
pertaining to the specific requirements of applicants for
a license. Particular requirements such as an examination,
educational attainments, numbers of character references,
and the like, do not necessarily render the "purposes" of
the Illinois law different from the "purposes" of the Texas

Act, nor the "standards" sought to be effected in the real estate business different from the "standards" sought to be effected by the Texas Act. The "standards" of the Texas Act there referred to are general standards of honesty and competency sought to be effected by requiring applicants to present various data attesting their "honesty, truthfulness, integrity and competency" so that the Commission may pass upon "the good business repute" of each applicant and the prospect that "the business will be conducted in an honest, fair, just and equitable manner." See Sections 6, 8 and 9(a), Article 6573a.

An examination requirement would seem to be designed for more perfect attainment of those purposes. We cannot conceive of any other purpose for such a requirement, and you have not indicated that the Illinois law seeks to attain any end at variance with the Texas law.

You are, therefore, advised that an examination requirement of the Illinois law does not, by reason of such requirement alone, change the purposes and standards of the Illinois law from those of the Texas Act and thereby render a resident of Illinois ineligible for a Texas license because of the provisions of Section 7(b).

## SUMMARY

The "purpose and standards proposed" by the Texas Real Estate Dealers License Act, referred to in Section 7(b), Article 6573a, V.C.S., means the general purpose to effect honest and competent dealings in the real estate business. An examination requirement by the Illinois license law does not render its purposes and standards different from the Texas Act so as to render an Illinois licensee ineligible for a Texas license under Section 7(b), Article 6573a.

Yours very truly,

PRICE DANIEL
Attorney General

By Ned McDaniel
Assistant

APPROVED:

Charles D. Mathews
Executive Assistant

NMc:jmc